**David P. ARROW, et al., Plaintiffs,**

v.

**James L. DOW, President, State Bar of New Mexico, et al., Defendants.**

**No. CIV 78–434–M.**

United States District Court,
D. New Mexico.

Jan. 13, 1983.

See also, D.C., 544 F.Supp. 458.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., by Kenneth L. Harrigan, Albuquerque, N.M., for plaintiffs.

Rodey, Dickason, Sloan, Akin & Robb, P.A. by Bruce Hall, Albuquerque, N.M., for defendants.

## JUDGMENT

MECHEM, District Judge.

This cause having come before the Court upon the Stipulation of the parties, the Court having reviewed the Stipulation, having heard from counsel, and being otherwise fully advised in the premises, it is, therefore,

ORDERED, ADJUDGED, AND DECREED that the Stipulation of the parties is hereby adopted and approved by the Court and shall form the basis for this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

1. The State Bar of New Mexico will adopt a check-off system to fund future lobbying whereby those Bar members who disagreed with the use of their funds for lobbying purposes could obtain, after the close of the legislative session, a pro rata refund of their portion of Bar dues spent on lobbying. Under this check-off system, all Bar members will pay their full dues as assessed, the Bar will issue a lobbying report as soon as practicable after the lobbying activities have concluded for the year (said report to include a list of issues lobbied upon and the Bar's position on each issue), and the Bar will advise its membership that those members who disagreed

with the use of a portion of their dues for lobbying can request and receive a pro rata refund.

2. The Bar will refund to the Plaintiffs herein the following portions of their dues spent for lobbying purposes from 1977 through the present:

| | |
|---|---|
| David Arrow | $11.70 |
| Edward Benevidez | 17.19 |
| Sarah Bennett | 20.39 |
| Paul L. Biderman | 32.06 |
| Grove T. Burnett | 32.06 |
| Robert E. Crollett | 4.94 |
| Seksan Cucukow | 9.02 |
| Mark Dauner | 17.43 |
| Clark De Schweinitz | 32.06 |
| Barbara Nobel Farber | 32.06 |
| Steven G. Farber | 32.06 |
| Paula Forney | 10.45 |
| Denise D. Fort | 17.19 |
| Joan Friedland | 32.06 |
| Jerry M. Ginsburg | 32.06 |
| Steven Herrera | 20.39 |
| Tova Indritz | 20.39 |
| Bridget Jacober | 10.45 |
| Melanie S. Kenton | 10.45 |
| Peter H. Klages | 17.19 |
| William A. L'Esperance | 20.39 |
| Anson B. Levitan | 14.23 |
| Helen Lopez | 10.45 |
| Tony Lopez, Jr. | 32.06 |
| Peggy Nelson | 32.06 |
| Jacquelyn Robins | 26.60 |
| Melvin L. Robins | 32.06 |
| Richard Rosenstock | 32.06 |
| Joseph Robert Sena | 20.39 |
| Anthony V. Silva | 17.19 |
| Morton S. Simon | 32.06 |
| Elena Spielman | 10.45 |
| Robert L. Stanley | 26.60 |
| Armando Torres | 10.45 |
| Jan Unna | 32.06 |
| Michael Vigil | 17.19 |
| Linda E. Wingfield | 26.60 |
| Margot J. Steadman | 10.45 |

3. In the event that a United States Circuit Court of Appeals or the United States Supreme Court subsequently specifically holds, rather than so implies by way of dicta, that it is constitutionally permissible for an integrated Bar Association to finance legislative lobbying activities with mandatory dues of dissenting members (and, in the case of a decision by the United States

Circuit Court of Appeals, that no other United States Circuit Court of Appeals had held to the contrary and that the issue is not then pending before either the Tenth Circuit or the United States Supreme Court), then the State Bar of New Mexico, if it so desires, shall be allowed to return to such a system of financing lobbying activities. Such a decision by the Bar shall not in any manner impair the rights of the Plaintiffs or other members of the Bar to seek to reopen this lawsuit or initiate a new lawsuit seeking appropriate remedies, but such subsequent decision by a United States Circuit Court of Appeals or by the United States Supreme Court shall be given such effect as the Court deems appropriate.

4. The Bar will pay to the Plaintiffs the sum of Fifty Four Thousand Five Hundred Dollars ($54,500) in full and complete satisfaction of all claims for attorneys' fees and costs.

5. The issue involved in this case was the constitutionality of the Bar's use of mandatory dues from dissenting members to finance the legislative lobbying activities actually conducted by the Bar from 1977 through the present. The Court expresses no opinion on the constitutionality of using mandatory dues from dissenting members to finance other legislative lobbying activities, nor does it express any opinion on the constitutionality of using mandatory dues of dissenting members to finance any other activity.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Plaintiffs' Complaint and all claims and causes of action asserted therein shall be, and the same hereby are, dismissed with prejudice.